# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 23, 1916.

HARRY E. DAWES, ET AL., VS. EDGAR B. DAWES, ET AL.

*Augustus C. Binswanger* for the plaintiff.

*F. J. Kintner* for the defendants Aquilla A. Baldwin and Julia M. Baldwin.

*E. Milton Altfeld* for the defendants Edgar B. Dawes and William E. B. Dawes.

BOND, J.—

As I read this will, the testatrix left the remainder to vest upon the happening of the contingency to be

divided equally between the three named grandchildren, the Dawes brothers, on the one hand, and the issue of the daughter, Julia M. Baldwin, on the other hand; that is to say, one-half to the Dawes brothers and one-half to the issue of Mrs. Baldwin.

The rule of the case of Demill vs. Reid, 71 Md. 175, seems to me inapplicable to this case, in which the grandchildren are so far specified. The daughter of Mrs. Baldwin, I hold, although she died during the life of the life tenant, took a transmissible interest, and her next of kin now take one-half the remainder.

Roper on Legacies, pp. 597-599.

"It is a rule of construction in regard to contingent executory bequests that the interests of the first and subsequent takers, *quodam modo* vest *uno instanti;* so that if the substituted legatee die before the contingency happens, upon which he is to succeed to the legacy, his representative will, notwithstanding, be entitled to it as soon as the event shall take place. Suppose then a bequest made to A., but if A. died under twenty-one, or without leaving children or issue, to B., although B. happened to die before A., B.'s personal representative would be entitled to receive the legacy upon the happening of the contingency, on the ground of its being vested in right in B., previously to his decease."